(The three following opinions were all filed in November, 1941, but have never appeared in the State Reports.)

15319

ABRAMS v. MUTUAL LIFE INSURANCE COMPANY OF
NEW YORK

(17 S. E. (2d), 228)

260

April, 1941.

*Messrs. Thomas, Cain & Black,* of Columbia, S. C., and *Mr. Thomas H. Pope, Jr.,* and *Mr. Felix B. Greene,* both of Newberry, S. C., Counsel for Appellant (With *Mr. Louis W. Dawson,* of New York, appearing on brief as "Of Counsel"),

*Messrs: Blease & Griffith,* of Newberry, S. C., Counsel for Respondent,

Counsel for Appellant,

November 3, 1941.

The unanimous Opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER:

This action sought the recovery of the benefits provided under the total and permanent disability provisions of a policy of insurance issued by appellant to respondent.

The sole issue before this Court is: Did the trial Judge err in submitting to the jury the question as to whether the respondent was totally and permanently disabled within the meaning of the policy during the period covered by the complaint?

The law governing this case is within a narrow compass. If there was any testimony from which more than one reasonable inference could be drawn that the insured was not able to conduct or prosecute his business or occupation in substantially the usual and customary manner, then it was the duty of the trial Judge to submit the issue to the jury. For this postulate, the citation of authority is unnecessary.

The policy of insurance was issued on February 16, 1931. The complaint alleges that respondent became disabled in April, 1932. On or about April 15, 1933, the respondent gave appellant notice of claim of disability, filed proof thereof, and demanded payment of the monthly disability provided for in the policy. Payment having been refused, respondent instituted this action on December 22, 1933, but the case was not tried until the Spring, 1941, term of Court. There is no explanation of this delay in the trial of the case. He was limited in his recovery in this action to the period of time from the filing of his claim to the commencement of the action; and in the proof of his disability, to the time prior to the commencement of the action, except that evidence of his condition up to the time of the trial was admitted for the purpose of establishing the permanency of his alleged disability or illness.

Respondent testified that he had made his living by doing farm work and sawmill work, and his duties required him to labor all the time; that on the farm he did all kinds of work, supervising and anything on the farm to be done, plowing, hoeing, chopping cotton, hauling wood, and anything that was to be done; that in the sawmill business he did all kinds of work, cut brush to keep it out of the way

of the mules, sawed logs, kept logs to the mill. (It was disclosed upon cross examination that at no time within the life of the policy was respondent engaged in the "lumber business.") Respondent further testified that in April, 1932, he commenced to have pain in his feet, hands, head and legs, mostly in his feet when it first started; that he couldn't stand on his feet and "couldn't walk nowhere hardly"; that on January 2, 1933, for the first time, he had trouble with his heart beating very rapidly, and his hands cold, and has had recurrence of this heart condition; that he has suffered pain in his feet and joints "constantly, practically all of the time"; that since April, 1932, he has been able to walk some, but not much, and has spent the days mostly in bed, and "in the house dragging around in the house"; that since April, 1932, he has been compelled to rest over half of the time, and that it is almost impossible for him to walk on account of the pain in his feet and legs. On cross examination: That he owned his farm, and in 1933 had under cultivation about one hundred and sixty-seven acres, and employed four or five wage hands or laborers, and prior to 1933, handled all the supervisory work on the farm and told the hands what to do, and that he completed the crop harvest in 1933; that he carried on his farming operations following April, 1932, but not as it had been, and that he didn't work any at all; that his wife did most of the supervising, although he did some; that he and his wife together bought the fertilizer, and he sometimes told the laborers what and where to plow, but didn't see that they properly plowed the fields.

It should also be stated that respondent sought and obtained medical attention. His trouble was diagnosed as arthritis, and in looking for the focus of infection it was found that he had infected teeth, and that he had them extracted.

Mrs. Abrams' testimony corroborated that of her husband's, the respondent herein. She testified that he has done practically nothing since 1932; that "He told the boys what to do sometimes, they go down in the field and do as they

please. Every farmer knows what hands will do"; that she does her work and his, too.

Mr. J. W. Wilson, a witness for respondent, testified that prior to respondent's sickness, in passing his farm, he had seen respondent "at work, plowing and doing any farm work that any hands were doing"; and that he was willing to say that for the past nine years he had not seen respondent around on his farm and in the fields.

In addition to the testimony of the physician who treated respondent and the dentist who extracted his teeth, four other witnesses testified to facts more or less corroborative of the testimony of respondent, but it will serve no useful purpose to give a synopsis of their testimony.

There is testimony that the condition of which respondent complained continued and had in fact grown worse through the intervening years.

We think that the foregoing brief outline of the testimony taken upon the trial of the case is sufficient to show that the trial Judge was warranted in submitting to the jury the issue if the respondent was able to conduct and prosecute his business or occupation (that of farming) in substantially the usual and customary manner.

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGES L. D. LIDE and A. L. GASTON, ACTING ASSOCIATE JUSTICES, concur.